UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR NUNEZ GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>Respondent. | NO. C15-1331-JLR-JPD<br><br><br><br>REPORT AND<br>RECOMMENDATION |

INTRODUCTION

Petitioner Victor Nunez Gutierrez, a detainee at the Northwest Detention Center in Tacoma, Washington, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, challenging his detention without bond by U.S. Immigration and Customs Enforcement ("ICE") and seeking release on supervision or a bond hearing. Dkt. 7. Respondent has moved to dismiss, arguing that petitioner is not entitled to release and has already received a bond hearing where the Immigration Judge ("IJ") found the government met its burden of proving he is a danger to the community and a flight risk. Dkt. 10; *see also* Dkt. 13. Petitioner did not file a response. Having considered the parties' submissions, the balance of the record, and the governing law, the Court concludes that respondent's motion to dismiss should be GRANTED,

REPORT AND RECOMMENDATION - 1

1  petitioner's habeas petition should be DENIED, and this action should be DISMISSED with
2  prejudice.

3                                    BACKGROUND

4        Petitioner, a native and citizen of Mexico, entered the United States in September 1996
5  without inspection. Dkt. 11-1 at 1.

6        On November 7, 2014, petitioner was arrested after causing a car accident with his
7  long-term girlfriend, who was driving a different car. Dkt. 11-2 at 16-17. Petitioner eventually
8  pleaded guilty to Assault in the Third Degree (Domestic Violence) and Reckless Driving, and
9  the judge sentenced him to three months confinement. *Id.* at 18, 20-21.

10       On November 11, 2014, ICE officials encountered petitioner in jail. Dkt. 11-1 at 3.
11 The same day, ICE officials issued a warrant for petitioner's arrest, took him into custody, and
12 served him with a Notice to Appear that charged him as removable under 8 U.S.C. §
13 1182(a)(6)(A)(i) (alien who is present in the United States without being admitted or paroled is
14 subject to removal). *Id.* at 2; Dkts. 11-3 & 11-4. ICE also made the initial custody
15 determination to detain petitioner during his removal proceedings. Dkt. 11-5.

16       On April 7, 2015, petitioner had a bond hearing. The IJ denied bond, finding petitioner
17 presented a danger to the community based on his prior criminal actions. *See* Dkts. 11-6 & 11-
18 7. On May 12, 2015, the IJ denied petitioner's application for cancellation of removal and
19 granted him voluntary departure. Dkt. 11-13. Petitioner declined voluntary departure and
20 appealed the IJ's ruling to the Board of Immigration Appeals ("BIA"). Dkt. 11-14. On May
21 18, 2015, petitioner received a second bond hearing before the IJ, who found no changed
22 circumstances from the first bond hearing and denied bond again. Dkt. 11-15.

23       On June 2, 2015, the BIA dismissed petitioner's appeal, reinstated the grant of
24 voluntary departure, and notified petitioner that if he filed a petition for review with the Ninth

REPORT AND RECOMMENDATION - 2

Circuit, the grant of voluntary departure would automatically terminate and the alternate order of removal would immediately take effect. Dkt. 11-16. Petitioner sought review in the Ninth Circuit and moved to stay his removal. Dkts. 11-17 & 11-18. To date, petitioner's petition for review remains pending and a temporary stay of removal is in effect. *Nunez-Gutierrez v. Lynch*, No. 15-72574, Dkt. 1 (9th Cir. Aug. 19, 2015).

On October 21, 2015, petitioner had a third bond hearing before an IJ. Dkts. 13-1 & 15. The IJ found the government sustained its burden of showing by clear and convincing evidence that petitioner was a danger to the community and a flight risk. Dkts. 13-1 & 15. Accordingly, the IJ denied bond. Dkts. 13-1 & 15.

## DISCUSSION

Petitioner brings this action pursuant to 28 U.S.C. § 2241, which authorizes the district court to grant habeas relief whenever an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While an IJ's discretionary decision to deny bond is not subject to judicial review, 8 U.S.C. § 1226(e), a district court may review "bond hearing determinations for constitutional claims and legal error," *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011).

Because the Ninth Circuit has stayed petitioner's removal pending its review, the statutory authority for petitioner's detention is 8 U.S.C. § 1226(a).[1] *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 948 (9th Cir. 2008); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059, 1062 (9th Cir. 2011) ("Because Prieto-Romero filed a petition for review and our court entered a stay, his detention is governed by § 1226(a) . . . ."). Section 1226(a) provides

---

[1] If the Ninth Circuit rejects petitioner's petition for review, the statutory basis for petitioner's detention will shift to 8 U.S.C. § 1231. *See Casas-Castrillon*, 535 F.3d at 947; *Prieto-Romero*, 534 F.3d at 1062 ("[O]nly if we enter a final order denying [Prieto-Romero's] petition for review will the statutory source of the Attorney General's detention authority shift from § 1226(a) to § 1231(a).").

REPORT AND RECOMMENDATION - 3

the Attorney General with discretionary authority to detain petitioner or release him on bond or conditional parole pending the completion of removal proceedings. 8 U.S.C. § 1226(a). In making a bond decision under § 1226(a), an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)). An IJ may also consider any number of discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

*Id.*

Aliens, like petitioner, who face prolonged detention while their petitions for review are pending before the Ninth Circuit are entitled to so-called "*Casas*" bond hearings to establish whether their release would present a danger to the community or a flight risk. *Casas-Castrillon*, 535 F.3d at 951; *Prieto-Romero*, 534 F.3d at 1065-66; *Singh*, 638 F.3d at 1203; *see also Diouf v. Mukasey*, 634 F.3d 1081, 1085-86 (9th Cir. 2011). The Ninth Circuit has established the following procedural requirements for *Casas* hearings: (1) the government must provide contemporaneous records of the hearing; (2) the IJ must place the burden of proof on the government; (3) the government must prove by clear and convincing evidence that the continued detention is justified; and (4) the alien's criminal history alone may be insufficient to meet the dangerousness standard that must be met to deny bond and justify detention, but the government need not establish "special dangerousness" to justify denying bond. *Singh*, 638

REPORT AND RECOMMENDATION - 4

F.3d at 1203-09; *see also Rodriguez v. Robbins* ("*Rodriguez III*"), 804 F.3d 1060 (9th Cir. 2015).

Here, the record establishes that petitioner's October 2015 *Casas* hearing was legally sufficient, and therefore his continued detention—although lengthy—does not violate statutory or constitutional law.[2] First, the audio recording confirms the IJ properly placed the burden on the government to establish by clear and convincing evidence that petitioner was a danger to the community or a flight risk. Dkt. 15; *see also* Dkt. 13-1. Second, the evidence presented was sufficient to meet the clear and convincing evidence standard as to petitioner's dangerousness.[3] Just days before being taken into immigration custody, petitioner caused a car accident with his long-term girlfriend. Dkt. 11-2 at 16-17. According to the police report, petitioner followed his girlfriend in her vehicle until she pulled over to see what he wanted. *Id.* Petitioner approached her vehicle and banged on the window in an aggressive manner, making her believe he wished to physically harm her. *Id.* She tried to drive away, but he stood in front of her vehicle. *Id.* Petitioner eventually moved, and she departed. *Id.* He followed in his own vehicle and struck her vehicle from the rear. *Id.* He then pulled into the oncoming lane,

---

[2] Rather than labeling petitioner's hearing a "*Casas*" hearing, the IJ stated that it was governed by *Rodriguez v. Robbins* ("*Rodriguez II*"), 715 F.3d 1127 (9th Cir. 2013). *See* Dkts. 13-1 & 15. But because *Rodriguez II* merely reiterated the standards for a *Casas* hearing, the IJ did not err.

[3] The Court is not persuaded that clear and convincing evidence supports the IJ's flight risk finding. The government did not argue that petitioner was a flight risk, and the IJ did not offer any explanation for his flight risk finding. Dkt. 15. Moreover, the fact petitioner has been ordered removed is insufficient to support the IJ's finding. *See Singh*, 638 F.3d at 1205 ("[T]the only evidence the BIA cited for its affirmance of the IJ's conclusion that Singh was a flight risk was the fact—common to *all* detainees afforded *Casas* bond hearings—that Singh had already been ordered removed by a final, administrative order, diminishing his incentive to appear for further removal proceedings. Although this is a relevant factor in the calculus, it alone does not constitute clear and convincing evidence that Singh presented a flight risk justifying denial of bond."). Nevertheless, this error was harmless given the evidence supporting the dangerousness finding. *See id.* (applying harmless error analysis in reviewing *Casas* bond hearing determination).

REPORT AND RECOMMENDATION - 5

passed her vehicle, and braked, causing her to run into the back of his vehicle. *Id.* As noted above, petitioner was convicted of third degree assault and reckless driving following a guilty plea. *Id.* at 18-26. Petitioner's behavior during this incident supports the IJ's dangerousness finding. Not only did petitioner endanger the life of his girlfriend, his reckless actions could have had grave consequences for other drivers on the road. The Court finds no constitutional claim or legal error. Thus, although bond was denied, petitioner's procedural due process rights were satisfied. Petitioner's habeas petition should be denied.

## CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss, Dkt. 10, be GRANTED; petitioner's habeas petition, Dkt. 7, be DENIED; and this case be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 23, 2015**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 28, 2015.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal

\\

\\

seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 2nd day of December, 2015.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 7